**MATERN LAW GROUP, PC**
MATTHEW J. MATERN (SBN 159798)
mmatern@maternlawgroup.com
TAGORE SUBRAMANIAN (SBN 280126)
tagore@maternlawgroup.com
DANIEL J. BASS (SBN 287466)
dbass@maternlawgroup.com
1230 Rosecrans Ave., Suite 200
Manhattan Beach, CA 90266
Tel: 310.531.1900
Fax: 310.531.1901

Attorneys for Plaintiff ALECIA BALLIN,
individually, and on behalf of other similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALECIA BALLIN, an individual, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>RUSS BASSETT CORP., a California corporation; and INSPERITY PEO SERVICES, L.P., a limited partnership; and DOES 1 through 100, inclusive.<br><br>Defendants | CASE NO.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Authorize and Permit Rest Periods<br>3. Failure to Pay Minimum Wages<br>4. Failure to Pay Overtime Wages<br>5. Failure to Pay All Wages Due to Discharged and Quitting Employees<br>6. Failure to Furnish Accurate Itemized Wage Statements<br>7. Failure to Maintain Required Records<br>8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>9. Unfair and Unlawful Business Practices<br><br>**REPRESENTATIVE ACTION:**<br><br>10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action<br><br>**DEMAND FOR JURY TRIAL** |

PLAINTIFF ALECIA BALLIN ("PLAINTIFF") an individual, demanding a jury trial, on behalf of herself and other persons similarly situated, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the Central District of California has jurisdiction in this matter under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

2. PLAINTIFF is a resident of the State of California, and Defendants RUSS BASSETT CORP., a California corporation; and INSPERITY PEO SERVICES, L.P., a Delaware limited partnership (collectively "DEFENDANTS").

3. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), the United States District Court for the Central District of California has jurisdiction in this matter because the matter in controversy exceeds the sum value of $5,000,000, exclusive of interest and costs, and this is a class action in which at least one member of the class of plaintiffs is a citizen of a State different from any defendant.

4. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391 because DEFENDANTS are subject to personal jurisdiction in this District and/or a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PLAINTIFF

5. PLAINTIFF is a female resident of the State of California and a former employee of DEFENDANTS.

6. PLAINTIFF was employed by DEFENDANTS as a non-exempt Project Coordinator at DEFENDANTS' facility in Whittier, California from approximately May 2013 to February 25, 2016

7. PLAINTIFF brings this action on behalf of herself and the following similarly-situated class of individuals ("CLASS MEMBERS"): all current and

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

former non-exempt employees of DEFENDANTS in the State of California at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD").   PLAINTIFF reserves the right to name additional class representatives

8.     PLAINTIFF, on behalf herself and other similarly situated current and former non-exempt employees of DEFENDANTS in the State of California, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for necessary expenditures and/or losses incurred in discharging their duties, failure to provide accurate itemized wage statements, failure to maintain required records, and interest, attorneys' fees, costs, and expenses.

## **DEFENDANTS**

9.     PLAINTIFF is informed and believes, and thereon allege, that RUSS BASSETT CORP. is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California.   PLAINTIFF is further informed and believes, and thereon alleges, that RUSS BASSETT CORP. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, RUSS BASSETT CORP. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

10.     PLAINTIFF is informed and believes, and thereon alleges, that INSPERITY PEO SERVICES, L.P. is, and at all times relevant hereto was, a Limited Partnership organized and existing under the laws of the State of Delaware. PLAINTIFF is further informed and believes, and thereon alleges, that INSPERITY

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

PEO SERVICES, L.P. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, INSPERITY PEO SERVICES, L.P. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

11.     The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names.  PLAINTIFF is informed and believes, and thereon alleges, that each defendant designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and that PLAINTIFF's and CLASS MEMBERS' injuries and damages, as alleged herein, were proximately caused by the conduct of such DOE defendants.  PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained.

12.     At all relevant times herein, DEFENDANTS were the joint employers of PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon alleges, that at all times material to this complaint DEFENDANTS were the alter egos, divisions, affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities, co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or ostensible, of each other. Each defendant was completely dominated by his, her or its co-defendants, and each was the alter ego of the other.

13.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

include, but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods; failing to properly maintain records; failing to provide accurate itemized statements for each pay period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Orders.

14.     PLAINTIFF is informed and believes, and thereon alleges, that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of, each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

15.     As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

**CLASS ACTION DESIGNATION**

16.     This action is appropriately suited for a Class Action because:

a.     The potential class is a significant number.  Joinder of all current and former employees individually would be impracticable.

b.     This action involves common questions of law and fact to the potential class because the action focuses on DEFENDANTS' illegal practices and policies which were applied to all non-exempt employees in violation of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code which prohibits unfair business practices arising from such violations.

c.     PLAINTIFF's claims are typical of the claims of the CLASS MEMBERS because DEFENDANTS subjected all non-exempt employees to the

same violations of the Labor Code, the applicable IWC Wage Order, and the Business and Professions Code.

d.    PLAINTIFF does not have any interests adverse to the interests of the CLASS MEMBERS and will fairly and adequately protect the interests of all CLASS MEMBERS.

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 1-2001, § 11]**

**(Against all DEFENDANTS)**

17.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 16.

18.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 1-2001, § 11.

19.    During the CLASS PERIOD, PLAINTIFF and other CLASS MEMBERS were required to work through or cut short their meal breaks because DEFENDANTS failed to maintain adequate staffing levels.   DEFENDANTS required PLAINTIFF and other CLASS MEMBERS to assist customers, respond to emails, and answer texts during these breaks. DEFENDANTS regularly failed to staff enough employees to assist customers while permitting PLAINTIFF and other CLASS MEMBERS to take required meal breaks.

20.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS were deprived of timely meal breaks.  PLAINTIFF and other CLASS MEMBERS

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

were required to remain engaged with supervisors and clients at all times, regardless of how much time had passed since the start of their shifts. Similarly, PLAINTIFF and other CLASS MEMBERS were required to cover for other employees, leading to breaks, when available, occurring several hours after they were legally required. As a result, PLAINTIFF and CLASS MEMBERS were prevented from taking a meal break prior to the end of the fifth hour of work.

21. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 1-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

22. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 1-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

23. As a direct and proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have sustained economic damages, including but not limited to unpaid wages and lost interest, in an amount according to proof at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief due to DEFENDANTS' violations of the California Labor Code and IWC Wage Order No. 1-2001.

## SECOND CAUSE OF ACTION

### Failure to Authorize and Permit Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 1-2001, § 12]

### (Against all DEFENDANTS)

24. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 23.

25. During the CLASS PERIOD, DEFENDANTS had, and continue to

1    have, a policy or practice of failing to authorize and permit PLAINTIFF and

2    CLASS MEMBERS to take rest breaks as required by California Labor Code §

3    226.7 and IWC Wage Order No. 1-2001, § 12. As a result of DEFENDANTS'

4    illegal policies and practices, PLAINTIFF and CLASS MEMBERS regularly have

5    been, and continue to be, denied the opportunity to take full, uninterrupted, and

6    timely rest periods as required under California Labor Code §§ 226.7 and IWC

7    Wage Order No. 1-2001, § 12.

8       26. During the COVERED PERIOD, DEFENDANTS provided

9    PLAINTIFF and CLASS MEMBERS with policies that did not permit second rest

10   breaks for shifts between six and eight hours or third rest breaks for shifts over ten

11   hours.

12       27. DEFENDANTS violated, and continue to violate, California Labor

13   Code § 226.7 and IWC Wage Order No. 1-2001, § 12 by failing to pay PLAINTIFF

14   and CLASS MEMBERS who were not provided with a rest period, in accordance

15   with the applicable wage order, one additional hour of compensation at each

16   employee's regular rate of pay for each workday that a rest period was not

17   provided.

18       28. As a direct and proximate result of the aforementioned violations,

19   PLAINTIFF and CLASS MEMBERS have sustained economic damages, including

20   but not limited to unpaid wages and lost interest, in an amount according to proof at

21   trial, and are entitled to recover economic and statutory damages and penalties and

22   other appropriate relief due to DEFENDANTS' violation of the California Labor

23   Code and IWC Wage Order No. 1-2001.

24   //

25   //

26   //

27   //

28   //

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**THIRD CAUSE OF ACTION**

**Failure to Pay Minimum Wages**

**[Cal. Labor Code §§ 1194, 1197; IWC Wage Order No. 1-2001, § 4]**

**(Against all DEFENDANTS)**

29.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 28.

30.     Pursuant to California Labor Code §§ 1194 and 1197, and IWC Wage Order No. 1-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.     During the CLASS PERIOD, DEFENDANTS failed to, and continue to fail to, pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things:  requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work off-the-clock; requiring, suffering, or permitting PLAINTIFF and CLASS MEMBERS to work through meal breaks; illegally and inaccurately recording time worked by PLAINTIFF and CLASS MEMBERS; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay period; and other methods to be discovered.

32.     DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked hours for which they were not compensated.

33.     DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 1194 and 1197 and IWC Wage Order No. 1-2001, § 4.  As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, and 1197.1 and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties,

1  attorneys' fees, expenses, and costs of suit.

2  ## FOURTH CAUSE OF ACTION

3  **Failure to Pay Overtime Wages**

4  **[Cal. Labor Code §§ 510, 1194; IWC Wage Order No. 1-2001, § 3]**

5  **(Against all DEFENDANTS)**

6  34.   PLAINTIFF incorporates herein by specific reference, as though fully

7  set forth, the allegations in paragraphs 1 through 33.

8  35.   Pursuant to California Labor Code §§ 510 and 1194, and IWC Wage

9  Order No. 1-2001, § 3, DEFENDANTS are required to compensate PLAINTIFF

10  and CLASS MEMBERS for all overtime, which is calculated at one and one-half (1

11  ½) times the regular rate of pay for all hours worked in excess of eight (8) hours per

12  day and/or forty (40) hours per week, and for the first eight (8) hours on the seventh

13  consecutive workday, with double time for all hours worked in excess of twelve

14  (12) hours in any workday and for all hours worked in excess of eight (8) hours on

15  the seventh consecutive day of work in any workweek.

16  36.   PLAINTIFF and CLASS MEMBERS are current and former non-

17  exempt employees entitled to the protections of California Labor Code §§ 510 and

18  1194, and IWC Wage Order No. 1-2001.

19  37.   During the CLASS PERIOD, DEFENDANTS failed to compensate

20  PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required

21  under the foregoing provisions of the California Labor Code and IWC Wage Order

22  by, among other things: failing to pay overtime at one and one-half (1 ½) or double

23  the regular rate of pay as provided by California Labor Code §§ 510 and 1194 and

24  IWC Wage Order No. 1-2001, § 3; requiring, suffering, or permitting PLAINTIFF

25  and CLASS MEMBERS to work off-the-clock; requiring, suffering, or permitting

26  PLAINTIFF and CLASS MEMBERS to work through meal breaks but not

27  compensating them for this time and failing to include this time in their hours

28  worked; illegally and inaccurately recording time in which PLAINTIFF and

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to provide accurate itemized wage statements to PLAINTIFF for each pay period; and other methods to be discovered.

38.     DEFENDANTS knew or should have known that PLAINTIFF and CLASS MEMBERS worked overtime hours for which they were not compensated.

39.     In violation of California law, DEFENDANTS have knowingly and willfully refused, and continue to refuse, to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked. As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

40.     DEFENDANTS' conduct described herein violates, and continues to violate, California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 1-2001, § 3. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FIFTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged and Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against all DEFENDANTS)**

41.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 40.

42.     Pursuant to California Labor Code § 201, 202, and 203,

1    DEFENDANTS are required to pay all earned and unpaid wages to discharged and

2    quitting employees.

3         43.    California Labor Code § 201 mandates that if an employer discharges

4    an employee, the employee's wages accrued and unpaid at the time of discharge are

5    due and payable immediately.

6         44.    Pursuant to California Labor Code § 202, DEFENDANTS are required

7    to pay all accrued wages due to an employee no later than 72 hours after the

8    employee quits his or her employment, unless the employee provided 72 hours

9    previous notice of his or her intention to quit, in which case the employee is entitled

10   to his or wages at the time of quitting.

11        45.    California Labor Code § 203 provides that if an employer willfully

12   fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages

13   of an employee who is discharged or who quits, the employer is liable for waiting

14   time penalties in the form of continued compensation to the employee at the same

15   rate for up to 30 workdays.

16        46.    During the CLASS PERIOD, DEFENDANTS have willfully failed,

17   and continue to willfully fail, to pay accrued wages and other compensation to

18   PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§

19   201 and 202.

20        47.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all

21   available statutory penalties, including the waiting time penalties provided in

22   California Labor Code § 203, together with interest thereon, as well as other

23   available remedies.

24   //

25   //

26   //

27   //

28   //

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

**SIXTH CAUSE OF ACTION**

**Failure to Furnish Accurate Itemized Wage Statements**

**[Cal. Labor Code § 226; IWC Wage Order No. 1-2001, § 7]**

**(Against all DEFENDANTS)**

48.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 47.

49.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed, and continue to fail, to provide PLAINTIFF and CLASS MEMBERS with timely and accurate itemized wage statements in writing showing each employee's gross wages earned, total hours worked, all deductions made, net wages earned, the inclusive dates of the period for which the employee is paid, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, piece rate wages, the last four digits of PLAINTIFF's and CLASS MEMBERS' social security numbers or employee identification numbers, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate, in violation of California Labor Code § 226 and IWC Wage Order No. 1-2001, § 7.

50.    During the CLASS PERIOD, PLAINTIFF and CLASS MEMBERS suffered, and continue to suffer, injury as a result of DEFENDANTS' failure to provide timely and accurate itemized wage statements, as PLAINTIFF and CLASS MEMBERS could not promptly and easily determine from the wage statement alone one or more of the following: the gross wages earned, the total hours worked, all deductions made, the net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and CLASS MEMBERS, and/or all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

51.    As a direct and proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an

1    amount according to proof at trial, and seek all wages earned and due, plus interest

2    thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all

3    available statutory and civil penalties, including but not limited to statutory and

4    civil penalties pursuant to California Labor Code § 226(e) and 1174.5, and an

5    award of costs, expenses, and reasonable attorneys' fees, including but not limited

6    to those provided in California Labor Code § 226(e), as well as other available

7    remedies.

8                          **SEVENTH CAUSE OF ACTION**

9                          **Failure to Maintain Required Records**

10         **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 1-2001, § 7]**

11                              **(Against all DEFENDANTS)**

12         52.    PLAINTIFF incorporates herein by specific reference, as though fully

13    set forth, the allegations in paragraphs 1 through 51.

14         53.    During the CLASS PERIOD, as part of DEFENDANTS' illegal

15    policies and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages

16    earned and due, DEFENDANTS knowingly and intentionally failed to maintain

17    records as required under California Labor Code §§ 226 and 1174 and IWC Wage

18    Order No. 1-2001, § 7, including but not limited to the following records: total

19    daily hours worked by each employee; applicable rates of pay; all deductions; meal

20    periods; time records showing when each employee begins and ends each work

21    period; and accurate itemized statements.

22         54.    As a proximate result of DEFENDANTS' unlawful actions and

23    omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount

24    according to proof at trial, and are entitled to all wages earned and due, plus interest

25    thereon.   Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all

26    available statutory penalties, including but not limited to civil penalties pursuant to

27    California Labor Code §§ 226(e) and 1174.5, and an award of costs, expenses, and

28

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in**

**Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

55.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 54.

56.     California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

57.     During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed, and continue to fail, to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

58.     As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

//

//

## NINTH CAUSE OF ACTION

### Unfair and Unlawful Business Practices

### [Cal. Bus. & Prof. Code § 17200, *et seq.*]

### (Against all DEFENDANTS)

59.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in paragraphs 1 through 58.

60.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure to provide meal periods, DEFENDANTS' failure to authorize and permit rest periods, DEFENDANTS' failure to pay minimum and overtime wages, DEFENDANTS' failure to pay all wages due to discharged and quitting employees, DEFENDANTS' failure to furnish accurate itemized wage statements, DEFENDANTS' failure to maintain required records, DEFENDANTS' failure to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurred in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200, *et seq.*

61.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

62.     DEFENDANTS have avoided payment of wages, overtime wages, meal and rest break premium payments, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

63. As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

64. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

72. PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 16 and the subparagraphs thereto.

73. PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

74.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698-2699.5, PLAINTIFF seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210,  558, 1174.5, and 1197.1 and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.  PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

75.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice by electronic mail to the California Labor and Workforce Development Agency ("LWDA") and DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  Within sixty-five (65) calendar days of the date of PLAINTIFF's notice, the LWDA did not provide notice to PLAINTIFF that it intends to investigate the alleged violation.

76.     Pursuant to California Labor Code §§ 2699.3(a)(1)(B), PLAINTIFF's written notice was accompanied by a filing fee of seventy-five dollars ($75) to the California Labor and Workforce Development Agency ("LWDA").

77.     Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS, and each of them, as follows:

1.     For compensatory damages in an amount to be ascertained at trial;

2.     For restitution of all monies due to PLAINTIFF and CLASS

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and
2   unlawful business practices;

3       3.     For meal and rest period compensation pursuant to California Labor
4   Code § 226.7 and IWC Wage Order No. 1-2001;

5       4.     For liquidated damages pursuant to California Labor Code §§ 1194.2
6   and 1197.1;

7       5.     For preliminary and permanent injunctive relief enjoining
8   DEFENDANTS from violating the relevant provisions of the California Labor
9   Code and the IWC Wage Order and from engaging in the unlawful business
10  practices complained of herein;

11      6.     For waiting time penalties pursuant to California Labor Code § 203;

12      7.     For statutory and civil penalties according to proof, including but not
13  limited to all penalties authorized by the California Labor Code §§ 226(e) and
14  §§ 2698-2699.5;

15      8.     For interest on the unpaid wages at 10% per annum pursuant to
16  California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287
17  and 3288, and/or any other applicable provision providing for pre-judgment
18  interest;

19      9.     For reasonable attorneys' fees and costs pursuant to California Labor
20  Code §§ 1194, 2699 and 2802, California Civil Code § 1021.5, and any other
21  applicable provisions providing for attorneys' fees and costs;

22      10.    For declaratory relief;

23      11.    For an order certifying the First, Second, Third, Fourth, Fifth, Sixth,
24  Seventh, Eighth, and Ninth causes of action as a class action;

25      12.    For an order appointing PLAINTIFF as class representative and
26  PLAINTIFF's counsel as class counsel; and

27  //

28  //

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    13.    For such further relief that the Court may deem just and proper

2

3    DATED: February 17 , 2017          Respectfully submitted,

4                                        MATERN LAW GROUP, PC
                                         Matthew J. Matern
5                                        Tagore Subramaniam
                                         Daniel J. Bass

6

7                              By:    /s/ Matthew J. Matern
                                      Attorneys for Plaintiff
8                                     ALECIA BALLIN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        CLASS ACTION AND REPRESENTATIVE
                                        ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      PLAINTIFF hereby demands a jury trial with respect to all issues triable of

3  right by jury.

4

5  DATED:  February 17, 2017          Respectfully submitted,

6                                     MATERN LAW GROUP, PC
                                      Matthew J. Matern
7                                     Tagore Subramaniam
                                      Daniel J. Bass

8

9                              By:    /s/ Matthew J. Matern
                                      Attorneys for Plaintiff
10                                    ALECIA BALLIN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT